UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA PARKER-BUSH, individually, and as Personal Representative of the ESTATE OF MICHAEL R. BUSH,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | NO.<br><br>**COMPLAINT PURSUANT TO THE FEDERAL TORT CLAIMS ACT ALLEGING MEDICAL MALPRACTICE**<br><br>**JURY DEMAND** |

COME NOW Plaintiffs and allege as follows:

### I.　　PARTIES

1.1　Decedent MICHAEL R. BUSH was the husband of the Plaintiff.

1.2　On August 25, 2020, Plaintiff DONNA PARKER-BUSH was appointed the Personal Representative of the ESTATE OF MICHAEL R. BUSH in King County Superior Court Cause No. 20-4-03771-8. She brings this claim individually and on behalf of the ESTATE OF MICHAEL R. BUSH and all lawful beneficiaries. She is a resident of Pierce County, WA.

1.3     Defendant UNITED STATES OF AMERICA is the federal government. The Veteran's Administration is an agency of Defendant. Defendant operated and staffed the agency in the State of Washington in King and other counties.

## II.     JURISDICTION AND VENUE

2.1     This Court has federal question jurisdiction over this FTCA action pursuant to 28 U.S.C. §§ 1331 and 1346(b).

2.2     This Court has general personal jurisdiction over Defendant as Defendant resides and/or conducts significant business in King County, Washington.

2.3     This Court has specific *in personam* jurisdiction over Defendant because this case arises out of conduct by Defendant that resulted in the death of MICHAEL BUSH and caused damages to the Plaintiff, and which occurred in the Western District of Washington.

2.4     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), as Defendant does business as the Veteran's Administration in this state and division.

## III.     STATEMENT OF FACTS

3.1     Employees and agents of the Veteran's Administration conducted a negligent course of treatment from 2016, when MICHAEL R. BUSH first had blood in his urine, until May 4. 2019, the date of his death. Hematuria or blood in the urine is typically the first sign of blood cancer. Bladder cancer is highly treatable when detected and treated early. The general 5-year survival rate for people with bladder cancer is 77%.

An appropriate medical workup is required to rule out bladder cancer. The additional workup includes various lab analyses and cystoscopy. A cystoscopy was

performed on Mr. Bush in 2016 that was negative for cancer. Despite continued signs and symptoms of bladder cancer such as bloody urine in both 2017 and 2018, no additional cystoscopy or other appropriate workup was conducted. As a result, MICHAEL R. BUSH's bladder cancer was not diagnosed in time to save his life. He died on May 5, 2019.

3.2  Plaintiffs have satisfied all conditions precedent required by the FTCA. The form 95 was received by the Veteran's Administration on or about April 29, 2021. The claim was denied on December 16, 2021.

## IV. FIRST CAUSE OF ACTION - NEGLIGENCE IN THE CARE AND TREATMENT OF PLAINTIFF- RCW 7.70.040

4.1 Plaintiff re-alleges all the other matters pled as if set forth in full.

4.2 Defendant had certain duties and obligations to conform with the standard of care of a reasonably prudent health care provider in the profession or class to which each, respectively, belongs, acting under the same or similar circumstances, as was presented to Defendant at all times material hereto in the state of Washington. As a direct and proximate result of Defendant's breaches of the acceptable standard(s) of care, Plaintiff has suffered general damages and has incurred special damages all of which shall be shown at the time of trial for which Defendant is liable. Defendant is vicariously liable for the tortious acts of its employees and agents.

4.3 As a direct and proximate result of the combined negligence and other tortious conduct of the Defendant and its violations of other standards of care, Plaintiff has

suffered and continues to suffer damages. The Estate of MICHAEL R. BUSH, by and through Plaintiff, suffered economic and non-economic damages, including pre-death pain and suffering, fear of death, loss of future potential earnings, pecuniary damages, loss of consortium, and loss of enjoyment of life, in an amount to be proved at trial, including all damages as provided under RCW 4.20.010, RCW 4.20.046 and RCW 4.20.060.

3.4 As a direct and proximate result of the combined negligence and other tortious conduct of the Defendant in causing these damages to Plaintiff and as a direct and proximate result of its violation of the laws of Washington, Defendant is liable to Plaintiff for all damages as shall be shown at trial.

## IV.  PLEADING IN THE ALTERNATIVE

4.1   In the alternative event that Defendants shall allege there is a party or non-party at fault (CR 12(i)); in the event that Defendants are successful in sustaining their burden of proof against said potential other non-parties; and in the event the trier of fact finds that any non-party or party as may be hereafter be at fault, then judgment shall be entered against that new party in favor of Plaintiff as well.  Plaintiff shall then also be entitled to a judgment against said other parties or non-parties against whom a party has prevailed. (CR 8).

## VI.    DEMAND FOR JURY

6.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable. This will only apply if another party not subject to the FTCA is added.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant on each and every cause of action alleged herein; that in the alternative, Plaintiff prays for judgment against all other parties and non-parties against whom Defendant may prevail; that further, the Plaintiff be awarded reasonable attorney fees and costs of suit under RCW 4.84, et. seq. and as otherwise provided for by law; and that Plaintiff be awarded pre- and post-judgment interest; and that Plaintiff have such other just and equitable relief as the court deems appropriate under the circumstances, including, but not limited to, the named Defendant and those others who may hereafter be added by an amendment of the pleadings.

DATED this 14th day of June 2022.

*/s/ Edward H. Moore*
Edward H. Moore WSBA # 41584

Edward H. Moore, P.C.
3600 15th Avenue West, Suite 300
Seattle, WA,. 98119
Telephone: 206/826-8214
Fax: 206/826-8221
Email: emoore@ehmpc.com
Counsel for Plaintiff